### In re Michael Raynard McKELVIN.
### No. 4764.

District of Columbia Court of Appeals.

Argued June 23, 1969.

Decided Nov. 7, 1969.

11. *See* Application for Review, p. 8.

Carlyle C. Ring, Jr., Washington, D. C., with whom James L. Kaler, Washington, D. C., was on the brief, for appellant.

Lewis D. Clarke, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

Before HOOD, Chief Judge, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment finding appellant within the jurisdiction of the Juvenile Court, based upon a jury verdict of guilt in the unauthorized use of a motor vehicle. Appellant was placed on probation for an indeterminate period.

On the evening of September 11, 1967, an 11-year-old boy observed one of three youths, known to him as "Earl", break into a parked car, admit two others and drive away in it. A fourth boy in the group refused to enter the car and "ran home." The boy knew the woman who owned the vehicle and told her what he had seen the next morning. He also told her he knew the youths when he saw them and that one was named "Earl." [1]

Three days later appellant and three youths were riding in another car which was stopped by an officer for excessive smoking. On observing that the inspection sticker was improperly attached to the windshield with tape, the officer asked the

---

1. While the record is not clear on when this information was imparted to the owner, the indication is that she reported the car theft before the boy came to her the next morning.

youths to accompany him to the police station. A check of the sticker number revealed that it belonged to the car stolen on September 11th. The owner of that car was called, told the police there was an eyewitness, and was asked to bring him to the station to make an identification. After walking through the room in which the youths were seated, the 11-year-old identified three of the four, including appellant, as those involved in the theft. Appellant was without counsel at the time.

Prior to trial appellant filed a written motion to suppress any in-court identification by the boy on the ground that his identification of appellant at the police precinct absent counsel violated the constitutional precepts of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), or that the identification was so tainted by suggestion as to constitute a violation of due process under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). At the same time appellant moved orally for a hearing, out of the presence of the jury, to determine whether an in-court identification of appellant could properly be made by the boy due to the allegedly suggestive circumstances of the identification at the precinct. The motions were denied without prejudice to their reconsideration during trial.

The government's first witness at trial was the young eyewitness. After he related what he observed during the car theft, the government attempted to elicit from him whether he recognized anyone in the courtroom as having been involved in the incident that evening. Appellant interposed an objection on the basis of his pretrial motions, which was overruled. The witness then identified appellant and testified that he had seen him on Gay Street "a whole lot of times" before; that he knew the house in which appellant

lived; and that, when reporting the theft to the car owner, he told her that he knew the boys involved in the theft when he saw them. The remainder of his testimony related to photographic and in-person identification at the police station. There was additional testimony for the government by police officers about the arrest of the four suspects and the identification process employed.

At the close of the government's case appellant renewed his motion to suppress or strike the in-court identification and offered a motion for a judgment of acquittal. Both motions were denied by the trial judge, who reasoned that it was unnecessary to reach the issues of suggestiveness and absence of counsel at the police station since the witness based his in-court identification on his recognition of appellant at the time of the incident. Thereupon appellant took the stand in his own behalf and denied his involvement in the incident. After the same motions were made by appellant and again denied, the case was submitted to the jury which returned a verdict of "guilty."

■■■■ Appellant contends Gilbert, Wade and Stovall, supra, should apply to juvenile as well as adult proceedings, and therefore the trial court erred in admitting the in-court identification because of suggestive circumstances at the station house "walk-through" and the absence of counsel at that time. One could hardly dispute that a juvenile suspect is as much entitled as an adult to fundamentally fair identification procedures. If it appeared here that the in-court identification had no independent basis and might have been polluted by suggestive precinct identification procedures without counsel present we would have the serious question of whether the holdings of the Supreme Court in Wade and Gilbert, as illuminated by its prior holdings in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), should not logically be just as binding in a juvenile

court proceeding as in a criminal trial. We agree with the court below, however, that the in-court identification was based on the witness' recognition at the time of the theft that he knew appellant[2] and, consequently, we do not have here a factual situation requiring a decision on that question. Moreover, since the witness knew appellant, and had so informed the owner of the vehicle who in turn informed the police before the station house identification, there was no danger that the identification procedures might be "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to amount to a denial of due process of law. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967).

Under the circumstances, appellant's further contention that it was prejudicial error to deny his motion for a hearing out of the presence of the jury to determine whether an independent basis existed for the in-court identification is without merit. A substantial portion of the government's case was occupied with establishing the reliability of the 11-year-old witness' identification. In this particular case, we see no prejudice to appellant because this took place before the jury. It was clear that the station house identification merely verified for the police that a person with whom the witness was familiar prior to the incident was in their custody and had been involved in the theft. The identification might have been made by asking the boy to show the police appellant's house and to point him out in the neighborhood. That an identification occurred at the station house does not make it legally suspect on these facts.

We find no substantial error in the proceedings.

Affirmed.

2. While the boy's testimony may at times be read as conflicting, this may well be attributable to his age and inexperience. On the record as a whole the trial court's

conclusion that the in-court identification had this independent basis had sufficient evidentiary support.